**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 16-4450**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

KEITH RIVERA,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:15-cr-00024-RJC-5)

———————

Submitted: February 24, 2017      Decided: March 10, 2017

———————

Before AGEE and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Mark P. Foster, Jr., RAWLS, SCHEER, FOSTER & MINGO, PLLC, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Keith Rivera pled guilty, pursuant to a written plea agreement, to possessing with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2012). The district court sentenced Rivera to 36 months' imprisonment. Pursuant to Anders v. California, 386 U.S. 738 (1967), Rivera's counsel has filed a brief certifying that there are no meritorious grounds for appeal. We affirm the district court's judgment.

We first review the adequacy of the Fed. R. Crim. P. 11 hearing; because Rivera did not move to withdraw his guilty plea, we review the hearing for plain error. United States v. Sanya, 774 F.3d 812, 815 (4th Cir. 2014). Before accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and determines he understands, the rights he is relinquishing by pleading guilty, the charges to which he is pleading, and the maximum and mandatory minimum penalties he faces. Fed. R. Crim. P. 11(b)(1); United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). The court also must ensure that the plea was voluntary and not the result of threats, force, or promises not contained in the plea agreement, Fed. R. Crim. P. 11(b)(2), and "that there is a factual basis for the plea," Fed. R. Crim. P. 11(b)(3). Although we note that there were minor omissions in

2

the Rule 11 colloquy conducted by the magistrate judge, we conclude that these minor omissions did not affect Rivera's substantial rights. See United States v. Davila, 133 S. Ct. 2139, 2147 (2013) (stating that, to demonstrate effect on substantial rights in Rule 11 context, defendant "must show a reasonable probability that, but for the error, he would not have entered the plea" (internal quotation marks omitted)).

Next, we review a defendant's sentence "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). Under this standard, a sentence is reviewed for both procedural and substantive reasonableness. Id. at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, and sufficiently explained the selected sentence. Id. at 49-51. If a sentence is free of "significant procedural error," then we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." Id. at 51. "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." United States v. Louthian, 756 F.3d 295, 306 (4th Cir. 2014).

Our review of the record leads us to conclude that Rivera's sentence is procedurally sound.  We further conclude that Rivera has failed to overcome the presumption of reasonableness accorded his within-Guidelines sentence.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious grounds for appeal.  We therefore affirm the district court's judgment.  This court requires that counsel inform Rivera, in writing, of the right to petition the Supreme Court of the United States for further review.  If Rivera requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Rivera.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4